**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re:  KONSTANTIN KUPFER; MARGARITA KUPFER,<br><br>Debtors.<br><br>------------------------------<br><br>KONSTANTIN KUPFER; MARGARITA KUPFER,<br><br>Debtors-Appellants,<br><br>v.<br><br>KARIM SALMA; ROBERT SALMA, as Trustees of the Salma Family Trust; LINDSEY S. BRUEL; RIYAD R. SALMA; LAITH K. SALMA,<br><br>Creditors-Appellees. | No. 14-16697<br><br>D.C. No. 3:14-cv-00668-WHO<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick III, District Judge, Presiding

Argued and Submitted October 17, 2016
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER and MURGUIA, Circuit Judges, and BENNETT,** District Judge.

Debtors Konstantin and Margarita Kupfer appeal an order of the district court, which in turn affirmed an order of the bankruptcy court. The underlying order allowed Creditors' entire claim for attorney fees and costs, arising from a pre-petition arbitration. Reviewing the district court's decision de novo, AMB Prop., L.P. v. Official Creditors for Estate of AB Liquidating Corp. (In re AB Liquidating Corp.), 416 F.3d 961, 963 (9th Cir. 2005), we vacate and remand for further proceedings.

Creditors contend that their pre-petition award of fees and costs is not subject to the cap set forth in 11 U.S.C. § 502(b)(6), so it should be allowed in full. Debtors argue that the entire arbitration award should be capped. The applicable bankruptcy statute, 11 U.S.C. § 502(b)(6), applies a cap to "claim[s] of a lessor for damages resulting from the termination of a lease of real property." Emphasizing the causal inquiry necessary to determining what damages fall under the cap, we have asked: "[a]ssuming all other conditions remain constant, would the landlord have the same claim against the tenant if the tenant were to assume the lease rather than rejecting it?" Saddleback Valley Cmty. Church v. El Toro Materials Co. (In

_____

** The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

2

re El Toro Materials Co.), 504 F.3d 978, 981 (9th Cir. 2007). Another court has adapted our test to a pre-petition lease termination: "[a]ssuming all other conditions remain constant, would the landlord have the same claim against the tenant if the lease had not been terminated?" Lariat Cos. v. Wigley (In re Wigley), 533 B.R. 267, 270–71 (B.A.P. 8th Cir. 2015).

Here, the arbitration giving rise to the disputed fees and costs concerned two leases. The prevailing Creditors demanded both past-due rent and future rent. Debtors brought a variety of counterclaims, alleging breaches of contract and torts committed by Creditors. Even though Debtors did not prevail on those claims, they were litigated, and the attorney fees and costs reflect that litigation. The obligation to reimburse Creditors for fees and costs arose from covenants in the leases, but § 502(b)(6) does not cap damages resulting from every breach of contract—only those claims for "damages resulting from the termination of a lease." 11 U.S.C. § 502(b)(6) (emphasis added).

Fees attributable to litigating Creditors' claims for future rent are capped, because such claims would not arise were the leases not terminated. But, the arbitration award also included damages for past rent, which Creditors could claim independent of termination; the fees attributable to that portion of the litigation are not capped. The parties also litigated Debtors' numerous counterclaims. To the

3

extent that the counterclaims concerned ordinary alleged breaches, independent of a termination, the associated fees and costs are not capped, either.

On remand, the court first must categorize all claims as either directly resulting from termination of the leases, or not. The former are capped; the latter are not. The court then must apportion the associated fees and costs accordingly. The district court may decide whether to apportion the fees itself or to remand the case to the bankruptcy court for apportionment. We also leave to the district court's or the bankruptcy court's discretion whether to take additional evidence or conduct further hearings in aid of the apportionment.

**VACATED and REMANDED**. The parties shall bear their own costs on appeal.